IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROSIE MAE JONES                                                                           PLAINTIFF


VS.                           Civil No. 1:15-cv-01005


CAROLYN W. COLVIN                                                                      DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Rosie Mae Jones, brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of The Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her DIB application on June 4, 2012. (Tr. 55). In her application, Plaintiff alleges being disabled due to sarcoidosis, fibromyalgia, glaucoma, loss of left finger, left wrist problems, knee problems, foot problems, liver problems, and pancreas problems. (Tr. 56).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr. __."

Plaintiff's alleged onset date was May 20, 2012. (Tr. 56). Her disability applications were denied initially and again upon reconsideration. (Tr. 56-65, 67-78).

Thereafter, Plaintiff requested an administrative hearing, and the request was granted. (Tr. 89-90). Plaintiff's administrative hearing was held on August 13, 2013. (Tr. 30-54). Plaintiff was present and represented by counsel, Randolph Baltz. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at the hearing. *Id.* At this administrative hearing, Plaintiff was fifty-two (52) years old (Tr. 34), which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2015) (DIB). As for her education, Plaintiff testified she completed high school. (Tr. 37).

Following the hearing, on January 15, 2014, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 13-24). In this decision, the ALJ found Plaintiff met the disability insured status requirements under the Social Security Act through December 31, 2016. (Tr. 15, Finding 1). She also found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 20, 2012. (Tr. 15, Finding 2). The ALJ determined that since the alleged onset date of disability, Plaintiff had the following severe impairments: left finger amputation, fibromyalgia, osteoarthritis, degenerative joint disease, low vision, sarcoidosis, dermatitis, anxiety, depression, and connective tissue disorder. (Tr. 15, Finding 3). She further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 16, Finding 4).

In the decision, the ALJ considered the entire record and determined Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work except as follows:

> "claimant is further limited to only occasional climbing of stairs, balancing, stooping, kneeling, crouching, or crawling. She can never climb ladders. The claimant can see with corrective lenses, but must avoid jobs requiring excellent vision. She also must avoid extreme cold, extreme heat, and hazards, such as machinery and unprotected heights. She can frequently reach, handle, finger, and feel with her left, dominant, hand. Finally, the claimant is limited to unskilled work in that she is able to understand, retain, and carry out simple instructions, make simple work-related decisions, perform work where the complexity of a task is learned and performed by rote with few variables and little judgment, work with few changes, work where interpersonal contact is incidental to work performed, and work where supervision is simple direct and concrete." (Tr. 18, Finding 5).

The ALJ further determined Plaintiff was unable to perform any Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24). In making her determination, the ALJ relied upon the testimony of the VE as to whether jobs existed in the national economy for an individual with the Plaintiff's age, education, work experience, and RFC. *Id*. Specifically, the VE testified an individual with Plaintiff's limitations would be able to perform the requirements of representative occupations, such as a marking clerk, with approximately 140,000 jobs in the national economy. *Id*. Therefore, the ALJ determined Plaintiff had not been under a disability from the alleged onset date of May 20, 2012, through the date of the decision. (Tr. 24, Finding 11).

Plaintiff requested review by the Appeals Council of the January 15, 2014 decision by the ALJ. (Tr. 8). However, the Appeals Council denied her request for review of the decision. (Tr. 1-3). Thereafter, on February 4, 2015, Plaintiff filed the present appeal with this Court, ECF No. 1, and the Parties consented to the jurisdiction of this Court. ECF No. 6. The case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §§ 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of her or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520(a)(4)(v).

**3.    Discussion:**

In her appeal brief, Plaintiff argues the following: 1) the ALJ erred in not considering all of the medical evidence in making her RFC determination; 2) the ALJ failed to properly consider all of Plaintiff's conditions under the specific listing; 3) the ALJ failed to properly evaluate Plaintiff's fibromyalgia; 4) the ALJ failed to make a proper determination of Plaintiff's RFC; and 5) the ALJ failed to properly identify jobs existing in significant numbers in the national economy. ECF No. 19 at 3-7. Upon review of these claims, the Court agrees with Plaintiff's first argument and finds the ALJ failed to consider all of the medical evidence in making Plaintiff's RFC determination. Accordingly, the Court will only address this argument for reversal.[2]

---

[2] The Court encourages the ALJ to address the potential conflict between the portion of the RFC determination, finding Plaintiff can see with corrective lenses but must avoid jobs requiring excellent vision, (Tr. 18) and the job description of marking clerk, which requires "frequent near acuity." *Selected*

RFC is the most a person can do despite that person's limitations. *See* 20 C.F.R. §§ 404.1545, 416.945. It is assessed using **all** relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. *See* 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present matter, the medical evidence reveals that on May 22, 2013, Plaintiff saw Dr. D'Orsay Bryant at the South Arkansas Surgery Center, where he diagnosed her with severe left knee patellofemoral chondrosis with meniscal tears. (Tr. 605). After conservative treatment efforts failed, on June 3, 2013, Plaintiff underwent the following surgical procedures on her left knee: partial medial and lateral meniscectomy, chondroplasty and debridement of the patellofemoral joint, major synovectomy at three joint compartments, and removal of loose body. (Tr. 600). Subsequently, on November 4, 2013, Dr. D'Orsay performed a similar procedure on Plaintiff's right knee, including arthroscopic partial medial and lateral meniscectomy, chondroplasty and debridement, and major synovectomy at three joint compartments. (Tr. 635). Thereafter,

---

*Characteristics of Occupations Defined* § 05.09.03 companion to *Dictionary of Occupational Titles* § 209.587-034.

following a diagnosis by Dr. D'Orsay of right shoulder impingement syndrome and right and left hand carpal tunnel syndrome, with greater severity on the right hand than the left, Plaintiff underwent right shoulder arthroscopy and right hand carpal tunnel release. (Tr. 647-648).

In her opinion, the ALJ discusses only Plaintiff's left knee surgery. The ALJ fails to acknowledge or address Plaintiff's right knee surgery, right shoulder surgery, and right hand carpal tunnel release, all which were performed during the relevant time period.[3] Moreover, these medical records were not available for consideration in the RFC assessment, performed on August 17, 2012, by Dr. James Welloms, and affirmed on December 3, 2012, by Dr. Charles Friedman (Tr. 63-64, 75-76). Thus, there is no evidence contained in the record indicating Plaintiff's functional capabilities in the workplace following the surgery on her right knee, right shoulder, and right hand.

Based on the facts set forth above, the Court finds it appropriate to remand this matter to the ALJ to obtain a Physical RFC Assessment from an examining physician who should be provided with the surgical records from Plaintiff's knee, shoulder, and hand surgeries, and the ALJ is instructed to consider and discuss all of the medical records during the relevant time period, particularly with respect to Plaintiff's knee, shoulder and hand surgeries. Thereafter, the ALJ is directed to reevaluate Plaintiff's RFC in light of all of the evidence, including the newly obtained Physical RFC Assessment.

---

[3] The Court notes that the corresponding medical records were submitted after the August 13, 2013 hearing before the ALJ; however, the records were before the ALJ for review and consideration in her opinion, delivered January 15, 2014. (See Exhibits 25F and 26F).

**4.      Conclusion:**

Accordingly, the undersigned recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 59.

**ENTERED this 11th day of April 2016.**

>  /s/ Barry A. Bryant
>  HON. BARRY A. BRYANT
>  U.S. MAGISTRATE JUDGE